WILLIAM DAMAN, Appellant, v. CHARLES T. REMME'S Executor et al.

Division One, November 30, 1912.

1. **PARTITION: Interest in Land: Deed Absolute on Face: Resulting Trust: Finding of Trial Court.**   Where a father and son bought lots and for convenience the title was taken in the son, and thereafter they sold a one-third interest in the property to defendant and houses were built upon them, and the indebtedness became almost equal to the value of the property, and thereupon the son conveyed the lots by a deed absolute on its face to defendant, and they executed their joint note to him for $2000, and in return received certain shares of the capital stock of a corporation, and the father and son testified that the deed from the son was to pay for the shares transferred to him and their joint note was the consideration for the shares transferred to the father, and that defendant agreed that the father should continue to be the owner of a one-third interest in the lots and he would hold the title in trust for him, and the defendant testified that the note was given for the purchase of the stock and in settlement of the indebtedness, much of which was owing him, the finding of the court, without the aid of a jury, in a suit for partition brought by the father, that the deed was intended to convey the interest of the father and that he had no interest in the property, will not be disturbed on appeal, where the preponderance of the evidence supports the finding.

2. **EQUITY: Deference to Chancellor.**   Even in equity cases, where the evidence is oral, and the record shows the testimony of appellants to be halting, hesitating, incoherent and contradictory, and that of respondent consistent, clear, positive and unequivocal, the appellate court will defer largely to the finding of facts of the chancellor, who had the witnesses before him and was in a much better position to judge of their credibility.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED.

*Sullivan & Wallace* for appellant.

(1)   Defendant's answer states no defense, for besides matter that is not material, it simply pleads a legal conclusion and is not responsive to the petition. R. S. 1909, Secs. 1800 and 1804.   (2)   The defendant's evidence does not maintain a defense to the petition because the case which he attempts to make is within the terms of the statute requiring a deed to pass every interest in land (R. S. 1909, Sec. 2787) and, as no deed was ever made to the defendant, he could have acquired no title to the property simply by virtue of his alleged verbal understanding which he relies upon. R. S. 1909, Secs. 2787 and 2869; Cason v. Cason, 28 Mo. 47; Tapley v. Ogle, 162 Mo. 190.   (3)   The answer cannot possibly be held to have raised but one issue of fact, viz.: Did or did not the plaintiff own an undivided one-third of said property at the time John H. Daman's deed was made to said defendant? And, even conceding, *arguendo,* that it did raise this issue, the evidence of the case clearly requires the judgment to be for the plaintiff and not for the defendant.   Where several persons agree to buy a lot and build thereon, as a joint enterprise, but title is taken in the name of one of them, a resulting trust arises in favor of the others in the proportion of the consideration paid by each.   Baumgartner v. Guessfeld, 38 Mo. 41.

*Rassieur, Kammerer & Rassieur* for respondents.

(1)   Where one is in the adverse possession of land, claiming it exclusively against all others, one claiming title and out of possession cannot maintain a suit for partition; he must first try his right in an

action of ejectment. Lambert v. Blumenthal, 26 Mo. 474; Hutson v. Hutson, 139 Mo. 235; Chamberlain v. Waples, 193 Mo. 109. (2) In proceedings at law for partition, the plaintiff must show in himself a legal title as distinguished from an equitable title; otherwise, he must fail. McCabe v. Hunter, 7 Mo. 355. (3) An express trust in land, unless manifested or declared by a writing signed by the party to be charged with the trust, is void, and cannot be established by parol testimony. R. S. 1909, Sec. 2868; Hillman v. Allen, 145 Mo. 645; Crawley v. Crafton, 193 Mo. 431; Weiss v. Heitkamp, 127 Mo. 31. (4) The answer in this case denied the agreement and contract set forth in the petition, and therefore it was not necessary to plead the Statute of Frauds. Hillman v. Allen, 145 Mo. 643; Boyd v. Paul, 125 Mo. 14; Hurt v. Ford, 142 Mo. 301. (5) One who sells an equitable interest in land, receives the consideration and yields possession, will not be permitted to say afterwards that the assignment was not in writing. Rosenberger v. Jones, 118 Mo. 566; Grumley v. Webb, 48 Mo. 586. (6) In an action at law, where no objections are made to any ruling during the trial, and no declarations of law are asked or given, there is nothing before the appellate court for review. Under such circumstances, it has been uniformly held by this court that it will not undertake to review the action of the trial court. Hill v. Kingsland, 131 Mo. 650; Early v. Helmaring, 170 Mo. 598; Zimmerman v. Railroad, 156 Mo. 565.

WOODSON, J.—This is an action at law, instituted in the circuit court of the city of St. Louis, by the plaintiff against the defendants, for the partition and sale of certain real estate situate in said city, particularly described in the pleadings.

The facts of the case are few, and all but one of them, which will be presently noted, are undisputed.

A trial was had which resulted in a judgment for the defendants, denying partition, and after taking the proper preliminary steps therefor, the plaintiff appealed the cause to this court.

The undisputed facts are as follows:

The plaintiff and his son, John Daman, some years prior to the institution of this suit, bought the lot in controversy for the sum of $2000, paying $1000 of the purchase money in cash, the balance thereof remaining a lien thereon, and for their common convenience the title thereto was taken in the name of John; subsequently, the plaintiff and his said son sold an undivided one-third interest therein to the defendant, Charles T. Remme, the legal title still remaining in John.

After selling the first one-third interest to Chas. T. Remme, they improved the property by constructing thereon three dwelling houses, and placed all of them in the hands of said defendant, who collected the rents, paid the taxes, interest and repairs. In order to pay for the construction of the houses three loans, secured by mortgage, aggregating $7500, were placed upon the property. The property at the date of the trial, including the improvements, was worth between $10,000 and $12,000.

Some four years thereafter, John sold his remaining interest in said lot to said defendant, and by deed in proper form conveyed to the latter the legal title to the entire property, including (without authority to so do, as is claimed by plaintiff) the one-third interest therein which plaintiff claims still belongs to him. This claim of ownership by plaintiff is denied by defendants, they declaring that the defendant Chas. T. Remme purchased said one-third interest from the plaintiff in the manner to be presently stated. That fact is the disputed question in this case, as before mentioned.

In order to sustain the issues on behalf of the plaintiff, he testified in his own behalf, in substance as follows: That in the month of March, 1900, he and his son John purchased of the defendant, Chas. T. Remme, two hundred and fifty shares of the capital stock of the St. Louis Gasoline Motor Company for the consideration of $4000, paid for in the following manner: John, in order to pay for his interest in said shares of stock, conveyed by the deed last mentioned, though absolute in form only, his one-third interest in said real estate to said Chas. T. Remme, and he, the plaintiff, and his wife, in payment of his interest in said stock, executed to said Remme their promissory note for $2000. That said transaction took place in Remme's office, and that the stock was then and there delivered to them, and that they there delivered the deed and note to Remme. That while John conveyed the fee to the entire property to Remme, it was stated at the time and understood and agreed to by all of them that the deed was to convey only the one-third interest owned by John, and that plaintiff was to retain his one-third interest therein; also that Remme verbally agreed to hold said one-third interest for the use and benefit of the plaintiff.

John Daman, the son of the plaintiff, was called as a witness for plaintiff. While his memory was poor, and he could remember but little at first as to what occurred at the time of the transaction, later, however, being recalled, his memory was better, and his testimony substantially corroborated that of the plaintiff. He also testified that he signed the $2000 note with his father, which fact was denied by both father and son on first examination.

This was all the evidence introduced by plaintiffs.

The defendant, Dr. Charles T. Remme, since deceased, in order to make out the defense, testified in substance as follows  (This statement of the defend-

ant's evidence, after a careful verification of the same with the record, is taken substantially from the statement of the case made by counsel for defendants):

That he had managed the said property for about three years prior to March, 1900, and up to that time had advanced $3040 more than he had collected on account of the property; that at the time plaintiff and his son made overtures regarding the purchase of his shares in the St. Louis Gasoline Motor Company, there was an outstanding indebtedness on the property of $6750, secured by deeds of trust, $212 due on past due interest notes, and $3040 due him for advances, making a total of $10,002; that he explained this indebtedness to plaintiff, and told him that he did not think the property was worth over $12,000; that he was willing to sell his motor company shares for the interest of plaintiff and his son in the real estate, and a note for $2000, signed by plaintiff, his wife and son; that this proposition was accepted, and the papers were drawn accordingly; that the plaintiff and his son attended to the preparation and execution of the deed, and the defendant attended to the drafting of the note. That, in pursuance of this agreement, he delivered the stock to plaintiff and his son, and they executed and delivered to him their joint note for $2000, dated March 7, 1900, and plaintiff's son and wife executed and delivered to him a warranty deed conveying to him the full fee simple title to the Shaw avenue property.

Defendant also testified that he had been in the exclusive possession and control of the property, claiming it as his own, since March 7, 1900, the time when the above transaction was closed. That after that date he did not consult with plaintiff regarding the management or repairing of the property, nor render to him any statement or account; that from March 7, 1900, until February, 1908, plaintiff did not make any inquiry regarding the property, nor ask for a state-

ment or accounting, or claim any interest therein; that in the month of February, 1908, plaintiff called upon defendant, and demanded that he account to plaintiff for his alleged share of the property, and that he convey to plaintiff such share; that he thereupon stated to plaintiff that he (plaintiff) had no interest in the property; that it was owned exclusively by defendant, and that he would not recognize plaintiff's claim.

Mr. Charles N. Noble, an attorney practising at the St. Louis bar, testified that he had represented Dr. Remme in this transaction, and had prepared the note for $2000 and attended to its execution; that William Daman, his wife, Maggie Daman, and his son, John H. Daman, called at his office and signed it. That plaintiff and his son said, in substance, at that time, that this note for $2000 was given in settlement of a balance then due to Dr. Remme, after plaintiff and his son had given to defendant a deed.

There are a number of legal propositions stated and discussed by counsel in their briefs for the respective parties to this action, most of which are questions of procedure, but the view we have taken of the case renders it unnecessary for us to consider any question of procedure.

As previously stated, there is but one disputed fact in this case, and that one is, was it the intention and agreement of the parties to the transaction in question, that the warranty deed from John Daman, dated March 7, 1900, purporting on its face to convey to Charles R. Remme a fee simple title to the entire property described therein, the property in controversy, should convey to him only the undivided one-third interest therein which belonged to grantor therein? That question was fairly and squarely presented to the trial court, without the aid of a jury, and after hearing the evidence introduced by the respective parties to the action, it decided that question against the

plaintiff. After a careful reading of all the evidence presented by the record upon that question, we are fully satisfied that the finding of the court is sustained by a clear preponderance of the evidence, and that the finding and judgment of the trial court was correct.

The memory of both the plaintiff and that of his son John was poor, and their testimony was hesitating, doubting, incoherent, and contradictory, wanting in weight and destitute of conviction; while that for the defendants was clear, positive and unequivocal, carrying conviction of its truthfulness to all who heard or read it.

In addition to that, the judge who tried the case had the witnesses before him, observed their demeanor upon the witness stand, and heard their testimony as it fell from their lips and consequently was in a much better position to weigh their evidence and pass upon the credibility thereof than this court is.

Under those circumstances, even though this court should doubt the correctness of the finding of the trial court, we would not feel justified in disturbing that action of the court unless a stronger showing was made than is here presented by this record.

Under such circumstances, even in equity cases, we defer largely to the findings of the chancellor, and rarely disturb his findings except where the findings are against the great weight of the evidence. [Huffman v. Huffman, 217 Mo. 182.]

Finding no error in the record, the judgment is affirmed. All concur.